IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATIONAL CARRIERS' CONFERENCE COMMITTEE AND THE UNITED TRANSPORTATION UNION HEALTH AND WELFARE COMMITTEE JOINTLY AS PLAN ADMINISTRATOR FOR THE NATIONAL RAILWAY CARRIERS AND UNITED TRANSPORTATION UNION HEALTH AND WELFARE PLAN,<br>    Plaintiffs,<br><br>            v.<br><br>NICK GEORGIANA,<br>    Defendant. | Case No. 1:17-cv-1052 |

## MEMORANDUM OPINION

At issue on summary judgment in this Employee Retirement Income Security Act of 1974 (ERISA)[1] matter is the construction of an ERISA plan's reimbursement provisions requiring plan participants to reimburse medical expenses to the plan collected from third party tortfeasors. Defendant in this case suffered a slip-and-fall on the premises of a hotel, and recovered a one million dollar settlement in his Federal Employers Liability Act (FELA)[2] case against his railroad employer. Plaintiffs argue that defendant, in fact, recovered from the hotel, a third party tortfeasor, and, as the plan requires, defendant must reimburse the plan for medical expenses paid by the plan. Defendant argues that he recovered from his employer, not a third

---

[1] 29 U.S.C. § 1001 et seq.

[2] 45 U.S.C. § 51 et seq.

1

party tortfeasor, and because plaintiffs have failed to present any record evidence that the hotel was a third party tortfeasor the plan does not require reimbursement.

The matter has been fully briefed and argued, and is now ripe for disposition.

**I.**

The entry of summary judgment is appropriate only where there are no genuine disputes of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Precisely this is the case here; in fact, the parties agree that there is no dispute of material fact. The following statement of undisputed material facts is based on the parties' statements of undisputed fact and their respective responses.[3]

- Plaintiffs, National Carriers' Conference Committee and the United Transportation Union Health and Welfare Committee are Plan Administrator and fiduciary for the Plan under ERISA. The Plan is an ERISA-covered welfare benefit plan that provides ERISA benefits, including medical benefits, to beneficiaries. The Plan fiduciaries delegated administration of the Plan to various entities, including Optum, a Minnesota-based company that serves as the Plan's recovery agent for purposes of the Plan's subrogation and reimbursement provisions.

- Defendant, Nick Georgiana, was employed by Union Pacific Railroad (Union Pacific) as a conductor. Union Pacific and defendant's Union, the United Transportation Workers Union, negotiated health and welfare coverage under the Plan and defendant is a participant in the Plan.

- On November 11, 2014, defendant suffered head and neck injuries when he fell on ice in the parking lot of the New Victorian Inn (the Inn) in Sioux City, Iowa.

- Several weeks later, defendant filed an injury report attributing his fall to snow covered ice in the Inn's parking lot.

- At the time of defendant's injuries, defendant was a participant in the Plan.

---

[3] Pursuant to Local Rule 56(B) and the Rule 16(b) Scheduling Order issued in this case, a motion for summary judgment must contain a separately captioned section listing in numbered-paragraph form all material facts as to which the movant contends no genuine dispute exists. *See National Carriers v. Georgiana*, No. 1:17-cv-1052 (E.D. Va. Feb. 6, 2018) (Order). Plaintiffs complied with Local Rule 56(B) and the Scheduling Order in both their motion for summary judgment and their response to defendant's motion. Defendant complied with respect to his motion for summary judgment, but failed to respond to plaintiff's statement of undisputed facts in enumerated paragraphs matching defendant's numbering. Despite this failure to comply, the record and the parties' respective statements make clear that there is no genuine dispute of material fact.

- The Plan paid medical costs totaling $29,293.34 on behalf of defendant relating to defendant's fall.

- The Plan states in part that:

    If you or your Eligible Dependent incurs expenses as a result of bodily injury or sickness in circumstances giving rise to a right of recovery against a third party tortfeasor, other than your employer, any payment under the Plan is subject to the following conditions:

    The Plan, by virtue of payment of benefits, automatically acquires the right to be reimbursed by you, from any recovery you or your Eligible Dependent recovers from the third party tortfeasor for damages, all or part of which are recovered on account of the expenses incurred as a result of the bodily injury or sickness.

    The amount to be reimbursed by you out of such recovery shall equal but not exceed the amount of such benefits or the total recovery from the third party tortfeasor whichever is less, less the proportionate amount of legal fees and expenses incurred by you or your Eligible Dependent in making recovery. Reimbursement shall be made from the first dollar of the amount determined pursuant to the preceding sentence, regardless of whether you are made whole for any losses you suffered as a result of the injury or sickness involved.

- The Plan further states:

    Each of the companies that administer health care benefits under the Plan has discretionary authority to determine whether and to what extent Eligible Employees and Eligible Dependents are entitled to benefits that the company administers and to construe all relevant terms, limitations and conditions set forth in this booklet or in any other document or instrument pursuant to which the Plan is established or maintained. A company administering health care benefits under the Plan shall be deemed to have properly exercised this discretionary authority unless the company has acted arbitrarily or capriciously.

- On April 21, 2015, the Plan's recovery agent informed defendant and his counsel of the Plan's alleged right to reimbursement out of any potential recovery defendant obtained.

- On May 13, 2015, the Plan's recovery agent requested contact information for the Inn, and defendant's counsel provided contact information for Farmers Insurance.

- Farmers Insurance insured Sioux City Nvi, LLC, which owns the Inn.

- On September 4, 2015, defendant sued his employer, Union Pacific Railroad, pursuant to FELA. Neither the Inn nor Farmers Insurance were defendants in defendant's suit against his employer.

- Defendant alleged that the Inn was negligent in connection with his injuries, based on the condition of the parking lot at the Inn.

- Farmers Insurance defended Union Pacific Railroad in defendant's lawsuit pursuant to a contract between Union Pacific and the Inn entitled the "Hotel Commitment Agreement." Pursuant to the contract, the Inn agreed to indemnify and hold harmless Union Pacific for any injuries suffered by Union Pacific's employees on the Inn's property. The Agreement also provides that the Inn must carry insurance and name Union Pacific as an insured.

- At his deposition, defendant testified that the Inn was "responsible to keep it [the parking lot] clean. They should have had it clean."

- Defendant's counsel questioned the Inn's employees about the Inn's possible negligence in maintaining its parking lot.

- On October 4, 2016, defendant settled his lawsuit against Union Pacific for $1,100,000. As part of the settlement, defendant signed a "Full and Final Global Release of All Claims" (the release). The release of claims included release of all claims against Union Pacific, and an indemnification/hold harmless clause relating to Sioux City Nvi, LLC, the Inn, and Farmers Insurance with respect to any liens related to recovery.

- Specifically, the release provided:

    > [Defendant] further declares that he has read this Release and understands that neither he, nor anyone on his behalf, can make any further claims against the Company, agents, insurers, indemnitors, and/or assigns for any and all injuries sustained by him heretofore and to this date, and understands that he cannot do so even though his injuries or damages prove to be more serious or different.

- After a deduction for Railroad Unemployment Insurance Benefits, defendant's recovery from Union Pacific totaled $1,073,835.63. Farmers Insurance paid defendant the settlement amount in two checks dated September 30, 2016.

- Neither defendant nor his counsel advised the Plan that defendant had recovered $1 million as a result of the settlement.

- On October 12, 2016, the Plan's recovery agent contacted defendant's counsel for an update regarding defendant's lawsuit. Defendant did not respond.

4

- On December 14, 2016, the Plan's recovery agent contacted defendant's counsel a second time. Defendant's counsel informed the Plan's recovery agent that defendant had settled his FELA case against Union Pacific. After confirming that defendant had settled his case, the Plan's recovery agent contacted defendant to request reimbursement of medical expenses from defendant's settlement.

- On December 19, 2016, Union Pacific contacted the Plan's recovery agent and informed them that Union Pacific did not contribute any funds toward defendant's settlement.

## II.

The summary judgment standard, which the parties do not dispute, is too well-settled to merit extended discussion. As Rule 56, Fed. R. Civ. P., makes clear, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." And it is settled that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. On the other hand, if the record reflects a genuine factual dispute, summary judgment is precluded. A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But importantly, the party opposing summary judgment may not rest upon mere allegations and denials, and must instead "set forth specific facts showing that there is a genuine issue for trial." *Id.* And further, these specific facts must be shown to exist in the record in legally admissible form. Finally, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252.

## III.

Analysis of the parties' cross-motions properly begins with the language of the Plan at issue, which provides in pertinent part, as follows:

5

> **If you** or your Eligible Dependent **incur**s **expenses as a result of bodily injury** or sickness **in circumstances giving rise to a right of recovery against a third party tortfeasor, other than your employer**, any payment under the Plan is subject to the following conditions:
>
> **The Plan**, by virtue of payment of benefits, **automatically acquires the right to be reimbursed by you, from any recovery you** or your Eligible Dependent **recover**s **from the third party tortfeasor** for damages, all or part of which are recovered on account of the expenses incurred as a result of the bodily injury or sickness.
>
> The amount to be reimbursed by you out of such recovery shall equal but not exceed the amount of such benefits or the total recovery from the third party tortfeasor whichever is less, less the proportionate amount of legal fees and expenses incurred by you or your Eligible Dependent in making recovery. Reimbursement shall be made from the first dollar of the amount determined pursuant to the preceding sentence, regardless of whether you are made whole for any losses you suffered as a result of the injury or sickness involved.

In general, the Plan pays medical expenses incurred by employees irrespective of the cause of those expenses. Where the medical expenses are incurred under circumstances giving rise to a right of recovery against a third party tortfeasor, the Plan acquires the right to be reimbursed from any recovery the participant ultimately receives from the third party tortfeasor. The Plan explicitly provides that the right of reimbursement does not apply to a participant's recovery of funds from his or her employer. Thus, to receive a right to reimbursement, the Plan must show (i) that the circumstances surrounding the bodily injury gave rise to a right of recovery against a non-employer third party tortfeasor, and (ii) that the recovery the Plan seeks reimbursement from was recovered from the non-employer third party tortfeasor.

With respect to the first requirement for reimbursement, plaintiffs have failed to meet their burden of presenting evidence that there was a right of recovery against the Inn and that the Inn was a "third party tortfeasor." Plaintiffs bear the burden of demonstrating that the Inn was a third party tortfeasor and that a right to recovery existed. Yet, here, however, there is no evidence in the record suggesting that the Inn would be liable to defendant as a tortfeasor. To be

sure, the undisputed record evidence shows that defendant's bodily injuries were caused by his slip and fall on ice in the Inn's parking lot, and that defendant described the Inn's acts as negligent. But an allegation in a complaint is not proof, and although such a slip and fall *might* give rise to a negligence or premises liability claim, the only evidence in this case shows that there was no viable tort claim against the Inn. Defendant submitted an affidavit from an Iowa personal injury attorney stating that defendant had no chance of recovering against the Inn under Iowa law. *See* Reilley Affidavit. Although an affidavit of this sort may be inappropriate for purposes of summary judgment, a review of Iowa law and the facts of this case points persuasively to the conclusion that the Inn was not a third party tortfeasor. To begin with, defendant has no memory of the circumstances and conditions surrounding his fall, including the condition of the parking lot or the weather conditions. Thus, defendant would not be able to present evidence, as he is required to under Iowa law, that a dangerous condition existed at the Inn or that the Inn knew of this dangerous condition. *Wieseler v. Sisters of Mercy Health Corp.*, 540 N.W.2d 445, 450 (Iowa 1995); *see also Capener v. Duin*, 173 N.W.2d 80, 85 (Iowa 1969) ("to sustain a charge of negligence, the unsafe condition relied upon must be one of which the owner knew or should have known and had reason to expect that, despite the obviousness of the condition, the invitee would not appreciate the hazard and guard against it."). Not only that, but even if defendant could present evidence about conditions at the Inn, Iowa's so-called "continuing storm doctrine," which provides that a premises owner has no duty to shovel a slippery walkway during a snowstorm, would bar defendant's recovery. *Rochford v. G.K. Development, Inc.*, 845 N.W.2d 715, 718 (Iowa 2014); *see also Reuter v. Iowa Trust & Savings Bank*, 57 N.W.2d 225, 227 (Iowa 1953).

And although it is true that these arguments were not fully tested by an Iowa court because defendant did not sue the Inn, plaintiffs, who bear the burden of establishing a right to recovery, have presented no evidence that defendant would have prevailed against the Inn as a third party tortfeasor. Because plaintiffs cannot demonstrate that there was a right of recovery against the Inn as a third party tortfeasor, plaintiffs cannot establish that they are entitled to reimbursement and summary judgment must be granted in favor of defendant.

Plaintiffs attempt to avoid the third party tortfeasor requirement in the Plan by asserting that recovery from a *third party* is sufficient to trigger the right to reimbursement in the Plan. Notably absent from plaintiffs' interpretation of the Plan is the "right of recovery" and "third party tortfeasor" language which appears repeatedly throughout the Plan's reimbursement provisions. Simply put, plaintiffs' interpretation would ignore the plain language of the Plan and would allow the Plan to be reimbursed from any recovery a participant might receive from any third party, whether that party is a tortfeasor or not and whether the circumstances surrounding the participant's injury give rise to a right of recovery for the participant or not.[4] Although it may have been wiser to write the Plan to reach those kinds of recoveries so that the Plan was not paying medical expenses that were also covered by third parties, this Plan, as written, does not

---

[4] Plaintiffs argue that their interpretation of the Plan is entitled to deference. Ordinarily, interpretive decisions by administrators of ERISA plans are subject to de novo review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also United McGill Corp. v. Stinnett*, 154 F.3d 168, 170 (4th Cir. 1998). But where, as here, the Plan "grants the plan administrator discretionary authority to construe the provisions, the administrator's decision is reviewed for abuse of discretion." *Id.* at 170. Under this deferential standard of review, "the administrator['s] decision will not be disturbed if it is reasonable, even if th[e] court would have come to a different conclusion independently." *Ellis v. Metropolitan Life Ins. Co.*, 126 F.3d 228, 232 (4th Cir. 1997).

Importantly, however, "interpretive discretion applies *only to ambiguities* in the plan." *Blackshear v. Reliance Standard Life Ins. Co.*, 509 F.3d 634, 639 (4th Cir. 2007). A plan administrator's discretion "never includes the authority to read out unambiguous provisions contained in an ERISA plan." *Id.* at 639 (internal quotation marks omitted). Here, plaintiffs' interpretation is not entitled to deference because it would read out unambiguous provisions contained in the Plan, namely the requirement that the participant's injury arise out of circumstances granting a right of recovery against a third party tortfeasor and that the recovery from which the Plan seeks reimbursement comes from a third party tortfeasor. Accordingly, no deference needs to be given to plaintiffs' unreasonable interpretation of the provisions at issue in this case.

cover those circumstances. The Plan specifically states that a right to reimbursement arises only where the circumstances leading to the bodily injury give rise to a right of recovery against a third party tortfeasor. Because there is no record evidence in this case demonstrating that there was a right of recovery against the Inn as a third party tortfeasor, the plaintiffs have no entitlement to reimbursement under the Plan's reimbursement provisions.

Plaintiffs' claim for reimbursement also fails because the recovery it seeks reimbursement from was a recovery from defendant's employer, not from a third party tortfeasor. Defendant sued his employer, Union Pacific, pursuant to FELA and recovered a $1,000,000 settlement. It is true, as plaintiffs point out, that Farmers Insurance paid the settlement on behalf of the Inn and obtained a release of liability for Union Pacific and the Inn. But the Inn did not pay the settlement because it was liable as a third party tortfeasor; the Inn defended Union Pacific and paid for the settlement because the Inn and Union Pacific had a separate contract requiring the Inn to indemnify Union Pacific for injuries to Union Pacific employees regardless of the Inn's fault. The fact that the Inn had a distinct contractual duty to pay for the settlement does not convert the Inn into a third party tortfeasor, nor does it convert defendant's recovery of a settlement from his employer into a recovery from a third party tortfeasor as the Plan requires. Thus, even assuming that the recovery came from a third party, the Inn, the third party was not a tortfeasor, and so the recovery does not fall within the Plan's reimbursement provisions.

In sum, defendant has not recovered from a third party tortfeasor; he recovered from his employer. Accordingly, summary judgment must be granted in favor of defendant and against plaintiff.

An appropriate Order will issue.

Alexandria, Virginia
May 15, 2018

/s/
_____
T. S. Ellis, III
United States District Judge